IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------ :
DR. RAFAL BADRI                        :   CASE NO.  1:06 CV 2343
                                       :
                       Plaintiff,      :
                                       :
       -vs-                            :   <u>ORDER GRANTING DEFENDANTS'</u>
                                       :   <u>FED. R. CIV. P. 12(b)(6) MOTION TO</u>
                                       :   <u>DISMISS</u>
CITY OF SHAKER HEIGHTS, OHIO, et       :
al.,                                   :
                                       :
                       Defendants.     :
------------------------------------------------------ :

UNITED STATES DISTRICT JUDGE LESLEY WELLS

      Before the Court is the defendants' motion to dismiss the plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6).  (Docket No. 5).  On 27 September 2006 the plaintiff, Dr. Rafal Badri ("Dr. Badri"), brought this action under 42 U.S.C. §§ 1983 and 1985 against the City of Shaker Heights, Ohio (the "City") and three city employees,[1] in both their individual and official capacities, seeking to recover for alleged violations of his constitutional rights stemming from his arrest and subsequent prosecution for criminal assault.  In his complaint, Dr. Badri specifically alleges:  false arrest, malicious prosecution, and abuse of process (Count I);  selective enforcement of the law, and

---

[1] Along with the City of Shaker Heights, Dr. Badri seeks to recover from the City prosecutor, Randolph Keller, a City detective, Richard Mullaney and, an unnamed City investigator.

violation of the rights of due process and equal protection (Count II); and, conspiracy under §§ 1983 and 1985 (Count III).[2] (Docket No. 1).

The City seeks dismissal of Dr. Badri's action, relying for its position upon the United States Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994), and arguing in the alternative for absolute prosecutorial immunity. (Docket No. 5). Dr. Badri did not file a brief in response.

For the reasons set forth below, the Court will grant the City's motion and dismiss this matter in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).

Dr. Badri's complaint recounts the following incident which precipitated this legal action. On 4 November 2002 Dr. Badri and another private citizen, Mr. Averbach, allegedly engaged in a verbal and physical encounter on Warrensville Center Road in Shaker Heights, Ohio. (Complaint, ¶ 6). Dr. Badri alleges that, while he was driving, he witnessed Mr. Averbach ahead of him driving recklessly, so he pulled around Mr. Averbach's vehicle and stopped his car in such a way that Mr. Averbach was prevented from proceeding. (Compl. ¶¶ 7, 8, 9). Dr. Badri maintains that he then left his vehicle and approached Mr. Averbach to check on the driver's well-being. Dr. Badri alleges Mr. Averbach then opened his car door so as to strike him, and further tried to choke and shake the plaintiff "until bystanders came." (Compl. ¶ 10). Dr. Badri recounts that Mr. Averbach then drove away. (Compl. ¶ 14).

---

[2]This is Dr. Badri's second complaint. On 27 September 2005, the Court dismissed his first complaint, Case No. 1:05 CV 0031, in which he alleged claims identical to the instant matter against the same parties with the addition of Mr. Averbach. In the previous case, this Court dismissed the action against Mr. Averbach and the unnamed defendant City Investigator and dismissed the remainder of the complaint without prejudice for lack of jurisdiction. (Docket No. 11, Case No. 5 CV 31). Dr. Badri's second complaint in this matter does nothing to repair the flaws in his first complaint against the John Doe City Investigator. As such, that defendant will be dismissed from this action.

Dr. Badri further recounts that he tried to report the incident to the University Heights Police Department and was informed that the City of Shaker Heights had jurisdiction over the intersection where the alleged incident occurred.  (Compl. ¶¶14, 15).  Dr. Badri maintains that he then went to his place of work to seek medical attention for the head, neck and back injuries he reportedly sustained.  (Compl. ¶ 16).  Dr. Badri contends that he then filed a complaint with the Shaker Heights Police Department and filed a complaint against Mr. Averbach recounting the incident and averring that he did not strike or physically assault Mr. Averbach "in any way."  (Compl. ¶ 17, 18).

Dr. Badri maintains that he was contacted by the Shaker Heights Police Department on 6 January 2003 and told to return to the police station where he was informed that Mr. Averbach had filed criminal assault charges against him.  (Compl. ¶¶ 19, 20).  Shaker Heights Police then arrested, booked and bonded Dr. Badri.  (Compl. ¶ 20).  Defendant Randolph Keller, the City Prosecutor, eventually reduced the charge against Dr. Badri to disorderly conduct, to which the plaintiff entered a plea of no contest and was adjudged guilty of the offense.  (Compl. ¶¶ 23, 24).  This matter is now ripe for review.

A motion to dismiss, pursuant to Fed.R.Civ.P. 12(b)(6), questions the sufficiency of the pleadings.  No complaint shall be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle relief. See Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); see also Pfennig v. Household Credit Servs., 295 F.3d 522, 525-26 (6th Cir.2002).  When deciding a motion to dismiss, the Court limits its inquiry to the content of the complaint. See Yanacos v. Lake County, 953 F.Supp. 187, 191 (N.D.Ohio 1996).  However,

3

matters of public record, orders, items appearing in the record, and attached exhibits also may be taken into account. Id. The Court may also consider documents referred to in the complaint without thereby converting the motion into one for summary judgment. Greenberg v. Life Ins. Co. of Virginia, 177 F.3d 507, 514 (6th Cir.1999). The Court's task is to determine not whether the complaining party will prevail on its claims, but whether it is entitled to offer evidence in support of those claims. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The Court must accept all the allegations stated in the complaint as true and view the complaint in the light most favorable to the plaintiff. See Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); see also Scheuer, 416 U.S. at 236, 94 S.Ct. 1683. The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).

In its brief for dismissal, the City maintains that Dr. Badri's conviction for disorderly conduct precludes the Court from proceeding on the plaintiff's action for an award of damages under §§ 1983 and 1985. The City's unopposed argument is well taken.

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court determined that a cause of action under §§ 1983 and 1985 for an allegedly unconstitutional conviction cannot accrue if prevailing on the cause of action would render the conviction invalid in an instance, such as this, where the plaintiff has not proven the conviction reversed or expunged. The first step for a court analyzing a § 1983 claim under Heck is to determine whether a plaintiff's claim, if valid, would

"necessarily imply the invalidity of his conviction." Heck, 512 U.S. at 487; Wells v. Bonner, 45 F.3d 90, 94 (5th Cir.1995). Under Heck, once this determination is made, "the complaint must be dismissed." Heck, 512 U.S. at 487. This is an estoppel doctrine in which the Court held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated. Id. At 489-90.

The rule promulgated in Heck promotes the finality of and consistency in judicial resolutions by limiting opportunities for collateral attack and averting the "creation of two conflicting resolutions arising out of the same or identical transaction." See id. at 484-485. The Sixth Circuit has interpreted Heck to require that proof of the illegality of a conviction is a necessary element of a § 1983 claim. Schilling v. White, 58 F.3d 1081, 1086 (6th Cir. 1995) (finding no constitutional injury and hence, no § 1983 cause of action, where the plaintiff's underlying conviction for driving under the influence of drugs had not been overturned).

In this instance, Dr. Badri pleaded no contest to disorderly conduct and was found guilty of this offense. As that conviction has not been invalidated, and the time in which the plaintiff may appeal his conviction has expired, Dr. Badri is precluded from establishing a compensable injury under 42 U.S.C. § 1983.[3] Like Schilling, Dr. Badri

---

[3] At least one Court would dismiss a plaintiff's claims under Heck pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction. See Murphy v. Martin, 343 F. Supp. 2d 603 (E.D. Mich. 2004); Best v. Kelly, 39 F.3d 328, 330 (D.C.Cir.1994). Such a dismissal is not an adjudication on the merits, thus allowing a plaintiff to "reassert his [or her] claims if he [or she] ever succeeds in invalidating his [or her] conviction." Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (dismissing plaintiff's § 1983 claim under 28 U.S.C. § 1915(d), but without prejudice). However, as Dr. Badri's time in which to appeal his conviction has expired the Court will dismiss his § 1983 claims with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

5

seeks damages predicated on his conviction. For instance, in his prayer for relief the plaintiff specifically requests "any of the records resulting from this improper and unreasonable and unwarranted arrest, charging and prosecution" be expunged and sealed. (Complaint p. 18). Thus, as in Schilling, success on Dr. Badri's § 1983 claim necessarily challenges the validity of his conviction, and Dr. Badri cannot bring his claim under those auspices. See Shamaeizadeh v. Cunigan, 182 F.3d 391, 396 (6th Cir. 1999); Walker v. Schaeffer, 854 F. 2d 138, 142-43 (6th Cir. 1988) (finding plaintiff collaterally estopped from pursuing malicious prosecution and false arrest claims where he had pleaded no contest to the underlying crime as he was afforded "full and fair opportunity" to litigate issues of sufficient evidence of probable cause in the criminal case applying Ohio law). Accordingly, Dr. Badri's § 1983 claim against the defendants will be dismissed for failure to state a claim upon which relief can be granted.

     Dr. Badri's claim against the City, as well as against defendants Keller and Mullaney in their official capacities, requires that he prove a deprivation of a constitutional right, and that a City policy caused the constitutional violation. Bennet v. City of Eastpointe, 410 F. 3d 810, 818-19 (6th Cir. 2005). As Dr. Badri's claims are barred by the doctrine established in Heck, he cannot prove a violation of a constitutional right in his claim of municipal liability under 42 U.S.C. § 1983. Accordingly, Dr. Badri's § 1983 claim against the City will be dismissed for failure to state a claim upon which relief can be granted. Monell v. New York City Dept. Of Social Servs., 436 U.S. 658, 690-95 (1978).

     Finally, Dr. Badri's conspiracy claim pursuant to §§ 1983 and 1985 requires an actual deprivation of constitutional rights. Stone v. Holzberger, 807 F. Supp. 1325, 1340

(S.D. Ohio 1992). Where, as here, the doctrine in Heck precludes Dr. Badri from mounting a claim of constitutional deprivation, the plaintiff's conspiracy claim must fail. Askew v. Millerd, 191 F. 3d 953 (8th Cir. 1999). As well, the absence of a deprivation of rights under § 1983 precludes a § 1985 conspiracy claim predicated on the same allegations. Krueger v. Gilligan, 2006 WL 3343001 (N.D. Ohio 17 November 2006). Dr. Badri's conspiracy claims under both § 1983 and §1985 fail where, as here, they are premised on the same facts as his failed § 1983 claims. Accordingly, the Court will dismiss Dr. Badri's conspiracy claims under both § 1983 and § 1985.

The defendants' Rule 12(b)(6) motion to dismiss the plaintiff's complaint is granted. For the reasons set forth above, the plaintiff's claims are dismissed with prejudice against: (1) defendant City of Shaker Heights; (2) defendants Randolph Keller and Richard Mullaney in their individual and official capacities; and (3) an unnamed John Doe, City of Shaker Heights Investigator-Officer.

IT IS SO ORDERED.

      /s/Lesley Wells
      UNITED STATES DISTRICT JUDGE

Dated: <u>19 January 2007</u>

7